# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: December 8, 2021

```
*  *  *  *  *  *  *  *  *  *  *  *  *
DEBORAH L. COPINGER,                      *
                                          *
                    Petitioner,           *
v.                                        *
                                          *
SECRETARY OF HEALTH                       *
AND HUMAN SERVICES,                       *
                                          *
                    Respondent.           *
*  *  *  *  *  *  *  *  *  *  *  *  *
```

Unpublished

No. 21-1526V

Special Master Gowen

Dismissal; Insufficient Proof.

*Deborah Copinger*, *pro se*, for petitioner.
*Alexa Roggenkamp*, U.S. Department of Justice, for respondent.

## DISMISSAL DECISION[1]

On June 30, 2021, Deborah Copinger ("petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program or Program").[2] Petitioner alleges that she suffered from tightness in throat, weakness and tingling in legs and arms, balance issues while walking, body aches, burning mouth, tongue, throat, and stomach as well as muscoskeletal issues such as plantar fasciitis and a heel spur as a result of receiving the Fluzone vaccine in her left deltoid on October 23, 2019. Petition (ECF No. 1).

Petitioner also filed a number of exhibits, including proof of vaccination, a selection of medical records, and a VAERS report. Petitioner's Exhibit ("Pet. Exs.") 1-40. On September 9, 2021, I held an initial status conference with petitioner and respondent's counsel. Scheduling Order (ECF No. 13). During the status conference, I explained petitioner was alleging a cause-in-fact claim, which would require her to establish each of the *Althen* criteria by preponderant

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

evidence.  *Id.* Further, I provided a copy of *Althen* to petitioner.  I also explained that a diagnosis is a pre-requisite before considering vaccine causation. *See Broekelschen v. Sec'y of Health & Hum. Servs.,* 618 F.3d 1339, 1346 (Fed. Cir. 2010). Petitioner must show that he suffers from a "defined" and "medically recognized" injury, not "merely…a symptom or manifestation of an unknown injury."  *See Lombardi v. Sec'y of Health & Hum. Servs.,* 656 F.3d 1343, 1353 (Fed. Cir. 2011).  Medical recognition of the injury claimed is critical.  *Id.*  As the Federal Circuit reiterated in *Lasnetski,* a "petitioner needs to make a showing of *at least one defined and recognized injury." Lasnetski v. Sec'y of Health & Human Servs.,* 696 Fed. Appx. 497, 504 (Fed. Cir. 2017) (emphasis added) (citing *Lombardi* at 1353). Because petitioner had set forth a collection of symptoms without a unifying diagnosis and claimed that all of the symptoms began at various points after she received the flu vaccine, I set a deadline of September 14, 2021 for petitioner to file a status report indicating the progress she made in retaining counsel, or to voluntarily dismiss her claim.  Scheduling Order (ECF No. 13).

On October 15, 2021, my law clerk communicated with petitioner that she had missed the September 14, 2021 deadline for a status report.  Remark, Oct. 15, 2021.  On October 18, 2021, I entered a Scheduling Order granting petitioner additional time to file a letter from her treating physician regarding vaccine causation and a status report on the progress she has made in retaining an attorney or to voluntarily dismiss her claim.  Scheduling Order (ECF No. 14). Petitioner filed two letters on November 4, 2021. (ECF Nos. 16, 17).  One letter addressed, "Letter Regarding Counsel Attempt," explained that she had contacted numerous attorneys on the public list provided on the Court's website and others without success in obtaining representation for her claim.

A second status conference was held on December 7, 2021. Before the conference I read all of the records that were filed by petitioner.  During the status conference, where petitioner again appeared *pro se,* and Ms. Alexa Roggenkamp appeared on behalf of respondent.  I reviewed the medical records and discussed the case in depth with both parties during the status conference.  Petitioner had a wide array of symptoms such as burning in the throat, and mouth, weakness and tingling in the legs, pain in her feet, right heel pain, and balance problems. Pet. Exs. 1-16.  As I explained in the status conference almost all vaccine cases involve autoimmune conditions and occasionally allergic or hypersensitivity reaction.  I also explained that her records do not demonstrate that she developed a neurologic autoimmune disorder such as GBS or MS as confirmed by neurologist, Dr. Wolfe, or even hepatitis as suggested by Dr. Dhillon. Petitioner had submitted documentation of an appointment with a neurologist, Dr. James Wolf, where it was noted that she "listed 23 somatic symptoms that she typed along with comments about consequences of her symptoms." Pet. Ex. 10.  His assessment was, "There are no features indicating that [petitioner] has a neurological illness to explain her symptoms of numbness, weakness or multifocal pain….she was relieved when I told her there are no features to suggest that she has multiple sclerosis or Guillain-Barre syndrome." *Id.*  The medical records from her podiatrist do show a diagnosis of plantar fasciitis and bone spurs in the heel.  Pet. Ex. 1-10.  An MRI demonstrated a tear in the plantar fascia. Pet. Ex. 1-19.

Petitioner spoke about when she was given Levaquin sometime in December 2019, apparently when she was hospitalized and diagnosed with diverticulitis, a diagnosis that she debated. Those medical records were never submitted, but there are multiple references to Levaquin and physicians suggesting a causal relationship between tendinopathy and foot pain as

a consequence of taking Levaquin which is known to cause such problems. Although, petitioner indicates that her symptoms arose after the flu shot, conditions such as plantar fasciitis with a torn plantar fascia, calcaneal spurring, and tendonitis in the foot are not associated with vaccine causation. She also had an EMG/NCS which demonstrated bilateral carpal tunnel syndrome, also not likely caused by a vaccine. Pet. Ex. 1-37.

In this case, petitioner's records do not indicate that her physicians have defined a diagnosis or one that would be considered autoimmune in nature. The letter from her allergist (ECF No. 17) outlines a diagnosis of hypobetalipoproteinemia, a rare genetic liver disease which makes it difficult for her to process things like fat and cholesterol. To date, petitioner has not filed additional medical records in support of this condition and there has been no suggestion that it is related to receipt of the vaccine or causative of her collection of symptoms.

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). In this case, petitioner was not alleging a Table Injury and therefore, must demonstrate the vaccine was the cause-in-fact of her alleged injuries. Before considering vaccine causation, a "petitioner needs to make a showing of *at least one defined and recognized injury," Lasnetski v. Sec'y of Health & Human Servs.,* 696 Fed. Appx. 497, 504 (Fed. Cir. 2017) (emphasis added) (citing *Lombardi* at 1353). In this case, petitioner has been unable to identify one defined and recognized injury. Further, to satisfy her burden of proving causation in fact, petitioner must show by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen v. Sec'y of Health & Human Servs.,* 418 F. 3d 1274, 1278 (Fed. Cir. 2005).

Moreover, under the Vaccine Act, the Vaccine Program may not award compensation based on the petitioner's claims alone. Rather, the petitioner must support the claim with either medical records or the opinion of a competent medical expert. § 13(a)(1). In this case, the medical records are insufficient to establish entitlement and petitioner's treating physicians have not provided opinions that support a finding of vaccine causation under *Althen.* No reports have been filed from consulting experts and petitioner had no plan for obtaining same as she had not been able to obtain representation by counsel.

During the status conference I discussed how the Petitioner has not made any progress in putting together a case that would eventually lead to a successful claim, mainly because there is no clear diagnosis to explain her collection of symptoms and multiple alternative diagnoses that explain many of them. No expert report to explain the diagnosis or propose a theory of vaccine causation has been filed. Therefore, I informed the petitioner that there appeared to be no basis upon which she could be successful in proving a vaccination claim. I indicated that the case should be dismissed, and she agreed.

Thus, this matter is DISMISSED for insufficient proof. The Clerk of Court shall enter judgment accordingly.

IT IS SO ORDERED.

s/Thomas L. Gowen
Thomas L. Gowen
Special Master